FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE WASHINGTON HOSPITAL COMPANY, LLC (d/b/a Deaconess Hospital), a Foreign Limited Liability Company; and BRIAN ROWE,<br><br>    Defendants. | No. 2:19-CV-00327-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 43. The Court held a hearing on the motions by videoconference on July 12, 2022. Plaintiff was represented by Michelle Fossum. Defendants were represented by Heather Yakely and Gillian O'Hara—Ms. O'Hara presented on behalf of Defendants.

At the hearing, Defendants argued that summary judgment in its favor is appropriate on Plaintiff's disability discrimination, harassment, and reasonable accommodation claims. Specifically, Defendants argued that there is no genuine dispute of material fact regarding (1) whether Plaintiff has a physical disability that rises to the level of substantially limiting his major life activities; (2) even if he did have a qualifying disability, Plaintiff was unable to perform the essential functions of his job; and (3) Defendant does not have an obligation to lower its standard of

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 1

medical care to accommodate Plaintiff's subpar performance. Additionally, Defendants argued that Plaintiff's provided examples of harassment from his coworkers do not rise to the level of a hostile work environment. Finally, Defendants argued that there was no evidence of Defendants' interference with Plaintiff's use of sick leave.

The Court took the motion under advisement. Having considered the briefing, the caselaw, and the parties' arguments, the Court denies Defendants' Motion for Summary Judgment.

### Facts

The following facts are pulled from the parties' Statements of Material Facts, ECF Nos. 44, 47, 55, and associated declarations, ECF Nos. 45, 48, 56. The facts are presented in the light most favorable to Plaintiff.

Plaintiff Bradley White was employed as a pharmacist at Defendant Spokane Washington Hospital, LLC ("Deaconess Hospital"). Plaintiff began working as a pharmacist for Deaconess Hospital in approximately 1989 and was employed in that capacity until he was terminated from his position in February 2017. At the time of Plaintiff's termination, he was 63 years old.

Plaintiff suffers from various health conditions, including degenerative disc disease, asthma, and psoriasis. It is unclear from the record when Plaintiff was diagnosed with these conditions. Plaintiff underwent two surgeries for his degenerative disc disease in 2013 and 2014, specifically to address a herniated and ruptured disc at L4-L5. Plaintiff states that these surgeries were unable to resolve his back pain.

Plaintiff first began taking medical leave for his back pain under both the Family Medical Leave Act ("FMLA") and the Washington Family Leave Act ("WFLA") in 2013. From March 2013 to February 2014, Plaintiff took both intermittent and continuous leave, which totaled up to 472 hours or 11.8 weeks.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 2

Plaintiff was then approved to continue to take intermittent medical leave from July 2014 to March 2017.

Plaintiff states that, from 2002 to 2010, he received performance evaluations that were either Competent, Satisfactory, or Outstanding. However, from 2010 to 2015, Plaintiff began receiving only a "Meets Requirements" on his performance evaluations. Plaintiff alleges that the decline in his performance evaluations was related to his age and/or disability. For example, Plaintiff notes that, on both his 2012 and 2013 performance evaluations, Martin Hanson—who was the Pharmacy Manager at Deaconess Hospital from 2007 to 2019—made notes about Plaintiff's use of sick time/FMLA leave, as well as about his health conditions.

Plaintiff has also presented other evidence showing Defendants' focus on his health conditions and/or use of sick leave in the period leading up to Plaintiff's termination. For example, in approximately 2015, Mr. Hanson prepared a "Termination Intake Form" for Plaintiff. On this form, Mr. Hanson proposed to terminate Plaintiff for lacking "standards of behaviors with co-workers" and "interactions with coworkers creating a hostile environment." However, Mr. Hanson also noted that Plaintiff had received "multiple written consultations through the years for excessive sick leave and tardiness issues," even though he acknowledged that Plaintiff was entitled to FMLA leave. Additionally, Plaintiff has presented several emails from Mr. Hanson from July 2015 to July 2016, which show not only Defendants' awareness of Plaintiff's health problems, use of sick leave, and allegations of a discriminatory workplace, but also their lack of concrete action to address these issues.

Plaintiff has also presented evidence of his coworkers' displeasure with his use of sick leave. For example, there is testimony from multiple Deaconess Hospital employees regarding the existence of a letter/petition prepared by the other pharmacists, protesting Plaintiff's absences from the hospital. Additionally, Plaintiff alleges that several other pharmacists confronted him about his absences

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 3

and that Plaintiff had to resolve at least one of these disputes by going to Human Resources.

Defendants allege that Plaintiff's termination was wholly unrelated to his age/disability and was instead related to his numerous medication errors. However, Plaintiff has presented deposition testimony from both Mr. Hanson and Defendant Bryan Rowe—who was the Clinical Coordinator for the Pharmacy Department at Deaconess Hospital—in which they admitted that (1) all of the pharmacists at Deaconess Hospital had made medication errors at one time or another; but (2) they were unaware of any other pharmacists besides Plaintiff who had been terminated for such errors. Additionally, both Mr. Rowe and Mr. Hanson testified that they had not engaged in any discussions with Plaintiff about (1) whether his medication errors were related to his disabilities; and (2) whether he needed any accommodations for his disabilities.

## Procedural Background

Plaintiff filed his Complaint against Defendants in the Spokane County Superior Court on September 4, 2019. ECF No. 1-1. Plaintiff alleged the following claims: (1) violation of the American with Disabilities Act ("ADA"); (2) violations of the Washington Law Against Discrimination based on both age and disability ("WLAD"); (3) violation of the FMLA; (4) violation of the WFLA; and (5) violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff requested the following forms of relief: past and future lost wages and benefits; damages for physical pain and emotional distress; prejudgment interest and tax; and attorney's fees and costs.

Defendants removed the case to this Court on September 25, 2019 based on federal question jurisdiction. ECF No. 1. Plaintiff submitted a First Amended Complaint on October 22, 2019, which revised the identity of the corporate party defendant. ECF No. 8.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 4

Defendants filed the present Motion for Summary Judgment on April 14, 2022. ECF No. 43. Jury trial in this case is currently set for November 14, 2022.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

//

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 5

## Discussion

As a threshold matter, Plaintiff in his response brief states that he is voluntarily withdrawing his claim of age discrimination under the ADEA. ECF No. 46 at 15. Thus, Defendants are only moving for summary judgment on Plaintiff's remaining claims, which are (1) disparate treatment, failure to accommodate, hostile work environment, and retaliation under the ADA; (2) hostile work environment, age discrimination, disability discrimination, and retaliation under the WLAD; and (3) interference with FMLA and WFLA leave.

Defendants argue that Plaintiff cannot create a genuine dispute of material fact on any of these claims. Specifically, for Plaintiff's ADA claims, Defendants argue (1) Plaintiff cannot demonstrate that he has a physical impairment that rises to the level of a disability; (2) Plaintiff was not a qualified individual able to perform the essential functions of his job; (3) Defendants had a legitimate, non-discriminatory reason to terminate Plaintiff from his employment and Plaintiff cannot show that this reason was pretext for discrimination; (4) Defendants tried to engage in the interactive process with Plaintiff to determine whether a reasonable accommodation may be needed, but that there is no evidence that any accommodation would have helped Plaintiff perform the essential functions of his job; (5) Plaintiff's provided examples of alleged harassment do not rise to the level of a hostile work environment; and (6) Plaintiff cannot show that he engaged in protected activity and—even if he could—he cannot show a causal connection between the protected activity and the adverse action. For Plaintiff's WLAD claims, Defendants reassert their ADA arguments, but also argue Plaintiff cannot make out a prima facie case of age discrimination because Plaintiff cannot show that he was replaced by a younger worker and cannot present any other information giving rise to an inference of discriminatory intent. Finally, for Plaintiff's FMLA/WFLA interference claims, Defendants argue (1) Plaintiff had been taking FMLA leave since 2013, four years before his termination; (2) many of Plaintiff's

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 6

co-workers did not know that he was on FMLA leave; and (3) there is no evidence that Defendants discouraged Plaintiff taking FMLA leave or treated him negatively because of it.

Plaintiff in response argues that he has created a genuine dispute of material fact on his ADA, WLAD, and FMLA/WFLA interference claims. Plaintiff argues (1) his degenerative disc disease, asthma, and psoriasis constitute disabilities under the ADA because they substantially limit his major life activities; (2) he was able to satisfactorily perform the essential functions of his job with reasonable accommodations; (3) Defendants' proffered explanation for his termination—namely, his medication errors—is pretext, given that Plaintiff was the only pharmacist disciplined for medication errors; (4) Defendants did not attempt to engage the interactive process and in fact did not even know of their obligation to do so; (5) Plaintiff provided numerous examples of harassing conduct sufficient to create a dispute of material fact regarding the existence of a hostile work environment; (6) Plaintiff testified that one of his coworkers called him "old and fat," which is direct evidence of discriminatory animus based on age; (7) Plaintiff has provided evidence that interference with his FMLA/WFLA leave, namely that Defendants took Plaintiff's FMLA leave into account in his performance evaluations and that his coworkers complained about Plaintiff's use of leave; and (8) Plaintiff has provided evidence of both his protected activity and the causal connection between his protected activity and adverse employment actions.

There are too many genuine disputes of material fact for summary judgment to be appropriate at this time. Specifically, there are genuine disputes of material fact regarding whether Defendants' proffered explanation for Plaintiff's termination was pretextual, given the fact that Defendants specifically mentioned Plaintiff's amount of sick leave in his negative performance evaluations prior to his termination; whether Defendants adequately engaged in the interactive process and tried to develop a reasonable accommodation for Plaintiff's health challenges;

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 7

whether Defendants interfered with (or failed to prevent interference with) Plaintiff's use of FMLA/WFLA leave; whether Plaintiff could satisfactorily perform the essential functions of his job; whether Plaintiff's alleged harassment rose to the level of a hostile work environment; whether Plaintiff was discriminated on based on his age; and whether Plaintiff experienced retaliation based on his protected activity. Thus, the Court denies Defendants' Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 43, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 8